**IN UNITED STATES DISTRICT COURT**
**FOR NORTHERN  DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

VICMARIE MORALES and ROBERT
POWELL and LARHONDA SMITH

      Plaintiff,

v.

CENTRAL TRANSPORT, LLC.

      Defendants.

Civil Action No.:

<u>**Jury Trial Demanded**</u>

**<u>COMPLAINT</u>**

COMES NOW Plaintiff, VicMarie Morales, by and through her undersigned counsel, files this lawsuit against Defendant Central Transport, LLC on behalf of herself and similarly situated employees, pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended, for overtime violations.

## I.  JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over the federal claims asserted in this action under 28 U.S.C. §§1331, 1332, 1337, 1338, 1343(a) (4) 1367.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), as both Defendants are foreign corporations who conduct business in this District and as a substantial part of the events or omissions giving rise to the claims that occurred in this District.

3. Plaintiff asserts state based claims under the supplemental jurisdiction of this court, pursuant to 28 U.S.C. §1367, to hear and decide claims arising under the laws of the State of Georgia.  Jurisdiction is specifically conferred on the Court by 42 U.S.C. §2003-5(g).

## II.   STATEMENT OF CLAIMS

4.  The instant lawsuit is for relief for Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended.

## III.   PARTIES

5.  Plaintiff VicMarie Morales (hereinafter "Plaintiff" or "Ms. Morales") is a resident of Gwinnett County, Georgia (within this District).

6.  Ms. Morales was employed by Defendant, Central Transport, LLC (hereinafter "Defendant").

7.  Plaintiff Robert Powell (hereinafter "Plaintiff" or "Mr. Powell") is a resident of Dekalb County, Georgia (within this District).

8.  Mr. Powell was employed by Defendant, Central Transport, LLC.

9.  Plaintiff LaRhonda Smith is a resident of Clayton County, Georgia (within this District).

10. Ms. Smith was employed by Defendant, Central Transport, LLC.

11. Plaintiffs are covered by §§ 203, and 207 of the FLSA for the period in which they were employed by Defendant.

12. Defendant Central Transport, LLC is a foreign corporation with a principal place of business at 4401 Bowman Industrial Ct, Conley, GA. 30288.

13. Defendant conducts business within this State and District, and at all times relevant to this lawsuit is a private business entity that manages employees, such as Plaintiffs.  As such, Defendant is subject to the jurisdiction of this Court. Defendant may be served process to their registered agent, Kevin Kalczynski at 12225 Stephens Road, Warren MI 48089.

14. Defendant is an employer as defined by § 203(d) of the FLSA.  Defendant is subject to the provisions of the Fair Labor Standards Act of 1938, as amended, and the laws of the state of Georgia.

15. Plaintiffs were, at all times relevant to this action, "employees" of the Defendant as defined at § 203(e)(1) of the FLSA, and are entitled to the protections provided thereunder.

16. Defendant was provided an opportunity to resolve the concerns described herein prior to the filing of this lawsuit.

## IV.  GENERAL ALLEGATIONS

17. Plaintiffs have been employed by Defendant as "Security Guards" at their location in Conley, Georgia.

18. Plaintiffs were paid an hourly rate of $18.50 on a weekly pay schedule.

19. Central Transport, LLC has maintained that its employees are eligible for overtime pay once they have worked a minimum of 55 hours for the week.

## MS. MORALES

20. Consequently, Ms. Morales worked approximately 60 hours each week and has not been paid overtime wages for most of those hours.  Instead, Central Transport, LLC has deliberately paid Ms. Morales straight time for hours worked beyond 40 hours each week.

21. Ms. Morales was paid an hourly non-exempt rate during the entire course of her employment, and regularly worked more than 60 hours a week.

22. FLSA requires employers to pay overtime for hours worked in excess of forty (40) in a workweek of at least one and one-half times their appropriately calculated regular rates of

pay.   Accordingly, Ms. Morales is unequivocally entitled to full payment for overtime hours worked. She should have been paid overtime at the rate of $27.75 and is currently owed $4,805.47 in unpaid overtime.

23. Ms. Morales does not qualify for any of the recognized exemptions from the protections of FLSA.

24. Ms. Morales did not supervise any employees and had no authority to hire, fire, promote or discipline employees.

25. Ms. Morales' work did not involve the performance of duties directly related to management or general business operations. To the extent that her work required any judgment at all, her judgment was limited to choices within set policies or guidelines.

26. Defendants have refused to pay Ms. Morales' full compensation by deliberately neglecting to pay the legally required overtime for all hours worked in excess of 40 hours per week.  This practice is illegal under the Fair Labor Standards Act.

**MR. POWELL**

27. Mr. Powell has worked approximately 40 hours per week performing essentially the same duties as Ms. Morales from October 2020 through the present.

28. In performing his duties, he was required to utilize his own personal vehicle each day of work for the full 8 hours.  This resulted in general vehicle maintenance, fuel costs, depreciation of his vehicle and transmission failure due to idling his vehicle for extended periods of time each day.

29. Since Mr. Powell has operated his personal vehicle in the furtherance of Central Transport's interests, he must be compensated at a rate of at least $2 per hour and is due a total of $4,800 vehicle expenses.

**MS. SMITH**

30. Ms. Smith performed essentially the same duties as Ms. Morales and Mr. Powell. In performing her duties, she was required to utilize her own personal vehicle each day of work for the full 12 hours.

31. Ms. Smith worked approximately 60 hours per week from October 2020 through September 2021 as a Security Guard and used her own personal vehicle each day of employment. Ms. Smith must also be reimbursed for general vehicle maintenance, fuel costs and depreciation of her vehicle.

32. Because Ms. Smith operated her personal vehicle in the furtherance of Central Transport's interests, she must be compensated at a rate of at least $2 per hour and is due a total of $4,800 in vehicle expenses, plus liquidated damages of $4,800.

33. Fair Labor Standards Act at § 778.217(a) states "where an employee incurs expenses on his employer's behalf or where he is required to expend sums solely by reason of action taken for the convenience of his employer, section 7(e)(2) is applicable to reimbursement for such expenses. Payments made by the employer to cover such expenses are not included in the employee's regular rate."

**V.   CAUSES OF ACTION**

**COUNT ONE**
**FAILURE TO PAY OVERTIME**

34. Plaintiffs repeat, re-allege and reiterate the foregoing allegations set forth above, as set forth herein and states:

35. By its actions alleged herein, Defendant willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations as detailed herein, by failing to properly pay overtime wage compensation to Plaintiff Morales in accordance with §§ 203, and 207 of the FLSA.  Plaintiffs were not exempt employees under FLSA.

36. Defendant deliberately avoided paying Ms. Morales' full compensation earned by refusing to pay her bonuses of $75 each week she was eligible and refusing to adequately compensate Ms. Morales for all overtime hours worked.

37. Defendant is aware that it could not lawfully deny Plaintiff Morales' appropriately calculated overtime wages. Defendants have not made a good faith effort to comply with the FLSA with respect to Plaintiff's overtime compensation.

38. As a result of Defendant's violations of the FLSA, Plaintiff suffered damages by failing to receive overtime compensation in accordance with §§ 203, and 207 of the FLSA.

**COUNT TWO**
**ILLEGAL DEDUCTIONS AND**
**FAILURE TO PAY MINIMUM WAGE**

39. Plaintiffs repeat, re-allege and reiterate the foregoing allegations set forth above, as set forth herein and states:

40. Additionally, Defendant failed to provide Plaintiffs Morales, Powell and Smith a vehicle allowance for using their own personal vehicles each day of work.

41.  The US. Department of Labor has clarified the compensation requirements for employees personal vehicle use in its DOL Opinion Letter FLSA 2020-12 (August 31, 2020), stating the following:

> *The FLSA requires covered employers to pay nonexempt employees no less than the federal minimum hourly wage for all non-overtime hours actually worked in a given workweek. 29 U.S.C. § 206. Employees must receive these wages "free and*

*clear." 29 C.F.R. § 531.35. An employee's wages include the "reasonable cost" of "board, lodging, or other facilities" that primarily benefit the employee, and therefore the reasonable cost of such items count towards satisfying an employer's obligation to pay the minimum wage. 29 U.S.C. § 203(m). But the cost of "other facilities" that are primarily for the benefit or convenience of the employer cannot be counted as wages. 29 C.F.R. § 531.3(d). Those costs include tools of the trade, required uniforms—or required use of a personal vehicle. An employer violates the FLSA "in any workweek when the cost of such tools" (and the like) "cuts into the minimum or overtime wages required to be paid...." Id. § 531.35. Therefore, an employer violates the FLSA if the employee's wages, minus expenses, end up below the federal minimum wage for a given non-overtime workweek. See id.; see also id. §§ 531.3(d), 531.36(b).*

DOL Opinion Letter FLSA 2020-12 at p 2 (August 31, 2020),

42.  By its actions alleged herein, Defendant willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations as detailed herein, by failing to reimburse Plaintiffs for employer expenses incurred in the form of a vehicle allowance in accordance with § 778.217 of the FLSA.

43. Defendant has been sued on prior occasions for its unlawful practice of denying employees overtime payments until they work at least 55 hours, which supports that their continued conduct is willfully, knowing and reckless.  *See Tyron Bell v. Central Transport LLC*, et al,  Civ No. 4:14-cv-1598RWS (E.D. Mo. 2015).

44. Defendant is aware that it could not lawfully shift the burden of such expenses constituting illegal deductions and/or kickbacks to Plaintiffs. See *Williams v. Cent. Transp. Int'l, Inc.*, 830 F.3d 773 (8th Cir. 2016)

45. Defendant has not made a good faith effort to comply with the FLSA with respect to reimbursement of employer expenses, specifically vehicle allowances.

46. As a result of the unlawful acts of Defendant, Ms. Morales was deprived of overtime compensation in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, costs, attorneys' fees, and other relief.

47. As a result of Defendant's violations of the FLSA, Plaintiffs Morales, Powell and Smith have suffered damages by failing to receive reimbursement of employer expenses in accordance with §778.217 of the FLSA.

**COUNT THREE**
**BREACH OF CONTRACT**

48. Plaintiffs repeat, re-allege and reiterate the foregoing allegations set forth in the above, as set forth herein and states:

49. Defendant breached its employment contract with Plaintiffs when it agreed to build a security checkpoint building and failed to do so. This has resulted in the Plaintiffs use of their own personal vehicle each day of work to fulfill the duties of their roles. The Plaintiffs vehicles have declined in value and quality each day of use and Central Transport has not provided a vehicle allowance.

**PRAYER FOR RELIEF**

50. Wherefore, Plaintiffs pray that process is issued according to law and demands judgment against Defendant as follows:

    a.  All damages that may be awarded under FLSA, and Georgia law; general compensatory damages including but not limited to damages for mental and emotional distress plus interest;

b.  Special damages;

c.  Injunctive relief preventing and prohibiting Defendant from engaging in its

present practices in violation of the laws cited herein;

d.  Reasonable attorney's fees and expenses and costs pursuant to 42 U.S.C. §1988;

e.  Unpaid overtime compensation for work performed, an equal amount of

liquidated damages including, reasonable attorneys' fees, litigation costs, and

other appropriate relief pursuant to 29 U.S.C. § 216(b).

f.  Such other and further and different relief as this court deems just and

appropriate.

Respectfully submitted,

/S/ Arnold J. Lizana
Law Offices of Arnold J. Lizana III
GA Bar No.: 698758
1175 Peachtree Street NE, 10th Floor
Atlanta, GA 30361
Tel./Fax 877-443-0999
alizana@attorneylizana.com

**ATTORNEY FOR PLAINTIFF**