# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF
# GEORGIA ATLANTA DIVISION

| | |
|---|---|
| VICMARIE MORALES and ROBERT POWELL and LARHONDA SMITH,<br><br>Plaintiffs,<br><br>v.<br><br>CENTRAL TRANSPORT, LLC,<br><br>Defendant. | CIVIL NO. 1:22-cv-00111-JPB |

## JOINT MOTION FOR APPROVAL OF FLSA RELEASE AND SETTLEMENT AGREEMENT

Plaintiffs VicMarie Morales, Robert Powell, and Larhonda Smith ("Plaintiffs") and Defendant Central Transport, LLC ("Defendant") file this Joint Motion for Approval of Settlement Agreement as to FLSA Claims, and request that the Court approve the Parties' Settlement Agreement attached hereto as "**Exhibit A.**" The Parties agree that the settlement set forth in the Settlement Agreement is fair and reasonable and that no hearing before the Court is needed or requested.

## I.   Factual Background

Plaintiffs worked for Defendant as loaders and gate security guards. They first filed their Complaint initiating this lawsuit on January 11, 2022, asserting various claims arising out of their employment.  In short, Plaintiffs allege that Defendant failed to pay them at an overtime premium rate for hours that they worked in excess of 40 in a number of workweeks. Defendants have at all times denied these allegations and generally denied that they were ever entitled to overtime.

On August 2, 2022, the Parties convened before Magistrate Judge Catherine M. Salinas to negotiate a potential settlement. With Magistrate Judge Salinas's assistance, and through their counsel, the Parties reached agreement to settle the Lawsuit as reflected in the Agreement attached as Exhibit A. Magistrate Judge Salinas notified the Court that the Parties had reached a settlement on August 2, 2022 [Doc. 11] pending finalization of the Settlement Agreement.

Through their counsel, the Parties are familiar with the facts of the case and the legal issues raised by the pleadings. Both before and during the litigation, the Parties conducted a thorough investigation into the merits of their respective claims and defenses. Informed by their knowledge of the underlying facts and the applicable law, the Parties, through their counsel, have negotiated a settlement of Plaintiff's FLSA claims that involves a payment and other terms outlined in the attached

Exhibit. The terms and conditions of the settlement reflected in the Settlement Agreement are a product of the Parties' negotiations and represent a reasonable compromise of the disputed issues in this case. In addition, the Parties believe that the certainty of settlement is better than the uncertain outcome of protracted litigation and/or appeals. The Parties jointly advise that their settlement, and the Settlement Agreement being submitted for review and approval by the Court, includes every term and condition of the Parties' settlement, such that there are no side deals or other terms outside of those being provided to the Court for review.

## II.     Argument and Citation of Authorities.

The FLSA provides that "[a]ny employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be " 29 U.S.C. § 216(b). The FLSA's provisions are mandatory and, except in two narrow circumstances, generally are not subject to bargaining, waiver, or modification by contract or private settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). The two limited circumstances in which FLSA claims may be compromised are (1) when the Secretary of Labor supervises the settlement pursuant to 29 U.S.C. § 216(c) or (2) when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). *Lynn's Food Stores, Inc. v.*

*United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

When parties bring a proposed settlement of an FLSA claim before a court, the Court must determine whether it is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1354-55. If a settlement in an employee FLSA suit reflects "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

In determining whether a settlement is fair and reasonable, courts have considered factors such as: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, risk, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the strength of the plaintiff's case and the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel. *See King v. My Online Neighborhood*, Case No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575 (M.D. Fla. Mar. 7, 2007) (citing *Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994)); *see also Trinh v. JPMorgan Chase & Co.*, Case No. 07-CV-01666 W(WMC), 2009 WL 532556 (S.D. Cal. Mar. 3, 2009). "When considering these factors, the Court should keep in mind the 'strong presumption' in favor of finding a settlement fair." *King*, 2007 WL 737575, at *3 (quoting *Cotton v.*

*Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)). Moreover, "a 'settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution.'" *Id.* (quoting *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 806 (3d Cir. 1995) (other internal citations omitted)).

In addition to approval of the settlement amount, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).

### III. Summary of the Settlement Terms.

The total payment to Plaintiff to settle all claims is $24,210, broken down as follows:

- Plaintiff Powell - $1,250 (alleged unpaid wages)

- Plaintiff Smith - $1,250 (alleged unpaid wages)

- Plaintiff Morales - $11,710 ($5,855.00 for alleged unpaid wages and an equal amount in liquidated damages)

- Attorney's Fees $10,000 (Defendants do not oppose the fees and costs being paid to Plaintiff's counsel)

## IV. The Settlement Is Fair, Just, and Reasonable.

In this case, the proposed settlement is fair, just, and reasonable. At all times during this litigation, Plaintiff and Defendants have been represented by counsel experienced in the litigation of FLSA claims, and the settlement amount and the final Settlement Agreement were the subject of arms-length negotiations. The Parties therefore respectfully submit that the Settlement Agreement is consistent with the intent and purpose of the FLSA and the requirements of *Lynn's Food*, and that all of the relevant criteria support approval of the ultimate settlement in this matter.

Additionally, there has been no collusion, fraud, or any other inappropriate conduct by either Plaintiff or Defendants in this case, and the settlement was ultimately agreed upon after the Parties' thorough investigation into the merits of their respective claims and defenses. Further, the settlement was reached through a formal mediation before a U.S. Magistrate Judge, the Hon. J. Clay Fuller. Courts have found no fraud or collusion where the parties were represented by counsel, and the amount to be paid to the plaintiff seemed fair. *See Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *11–12 (M.D. Fla. Dec. 21, 2006). Here, each Party was represented by counsel with experience in litigating claims under the FLSA, and each counsel was obligated to and did vigorously represent their clients' rights. Based on the amounts to be paid to

Plaintiff, as well as the separate amounts to be paid to Plaintiff's counsel, the Parties believe it is transparent that there was no fraud or collusion. The probability of success on the merits and length of future litigation also militate in favor of this settlement. If the Parties continued to litigate this matter, they would be forced to engage in costly litigation in order to prove their claims and defenses. This settlement, therefore, is a reasonable means for both Parties to minimize future risks and litigation costs. *See King*, 2007 WL 737575, at *3 (citation omitted).

The fee to be paid to Plaintiff's counsel is also reasonable in light of the work required to this stage of the proceedings. The work undertaken represents the work addressed above in connection with every phase of this case, including communications with Defendants and their counsel, investigation and filing of an amended complaint in the Lawsuit, all stages of discovery, advising Plaintiff, and negotiating and effectuating this settlement. Thus, the fee requested is more than fair given the actual time invested.

### V.   Conclusion.

Based upon the foregoing, the Parties jointly believe the settlement terms are fair, reasonable, and adequate. Accordingly, the Parties respectfully request that the Court grant this Joint Motion for Approval of the Settlement and enter an Order approving the settlement, allowing the Parties to file a joint stipulation of dismissal

with prejudice as to Plaintiff's FLSA claims within three weeks after entry of an Order approving the FLSA settlement and retaining jurisdiction over this case to enforce the Parties' Settlement Agreement.

Respectfully submitted on September 14, 2022.

| | |
|---|---|
| */s/ Arnold J. Lizana* | */s/ Nathan J. Allen* |
| Arnold J. Lizana | Nathan J. Allen |
| Georgia Bar No. 698758 | Georgia Bar No. 141304 |
| alizana@attorneylizana.com | nathan.allen@ogletreedeakins.com |
| Law Offices of Arnold J. Lizana III | OGLETREE, DEAKINS, NASH, |
| 1175 Peachtree Street, N.E., | SMOAK & STEWART, P.C. |
| 10th Floor | 191 Peachtree Street, N.E., Suite 4800 |
| Atlanta, GA 30361 | Atlanta, Georgia 30303 |
| Telephone: (404) 692-7979 | Telephone: (404) 881-1300 |
| Facsimile: (877) 443-0999 | Facsimile: (404) 870-1732 |
| | |
| *Counsel for Plaintiffs* | *Counsel for Defendant* |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| VICMARIE MORALES and ROBERT POWELL and LARHONDA SMITH,<br><br>Plaintiffs,<br><br>v.<br><br>CENTRAL TRANSPORT, LLC,<br><br>Defendant. | CIVIL NO. 1:22-cv-00111-JPB |

## **CERTIFICATION**

Pursuant to Local Rule 5.1(B) of the Local Rules of the United States District Court for the Northern District of Georgia, counsel certifies by signature above that the Joint Motion for Approval of FLSA Release and Settlement Agreement is typewritten using Times New Roman font, fourteen (14) point type.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
GEORGIA ATLANTA DIVISION**

| | |
|---|---|
| VICMARIE MORALES and ROBERT POWELL and LARHONDA SMITH,<br><br>Plaintiffs,<br><br>v.<br><br>CENTRAL TRANSPORT, LLC,<br><br>Defendant. | CIVIL NO. 1:22-cv-00111-JPB |

**CERTIFICATE OF SERVICE**

I certify that on September 14, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification to the following counsel of record:

Arnold J. Lizana
Law Offices of Arnold J. Lizana III
1175 Peachtree Street, N.E., 10th Floor
Atlanta, GA 30361
Tel./Fax 877-443-0999
alizana@attorneylizana.com

*s/ Nathan J. Allen*
Nathan J. Allen

10